IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEVEN FOWLER,                       )
                                     )
            Petitioner,              )
                                     )
      v.                             )    1:05CV162
                                     )    1:99CR10-1
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner Steven Fowler, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A jury found petitioner guilty of conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846. (Docket nos. 1, 68)[1] The court sentenced him to life in prison. (Docket no. 91) Petitioner appealed, but the judgment was affirmed. (Docket no. 134, 136) The Supreme Court denied certiorari on February 23, 2004. (Docket no. 144) Petitioner then filed this section 2255 motion, and respondent has responded. (Docket no. 156; 1:05CV162, docket no. 3) Respondent has filed a reply brief. (1:05CV162, docket nos. 2, 5) The matter is now ready for ruling.

## DISCUSSION

Petitioner raises three grounds for relief. (Docket no. 156 at 5) His first claim is that the court erred in sentencing him by enhancing his sentence based on facts not found by the jury. He is therefore relying on the Booker line of cases. See United States

---

[1] Docket numbers will refer to the criminal case, unless otherwise noted.

v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The enhancements he refers to were for the drug amount, being a leader or organizer, a weapon being involved, and obstructing justice. (Docket no. 156, memo. at 7)

Petitioner's judgment became final when the Supreme Court denied certiorari on February 23, 2004. (Docket no. 144) Booker, the case which applied the reasoning in prior cases to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review. See Booker, 125 S.Ct. 738 (decision to be applied only to cases not yet final when decision issued); see also Schriro v. Summerlin, __ U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (Ring and a fortiori Apprendi does not apply retroactively on habeas review). Because petitioner's judgment became final in 2004 and Booker was decided in 2005, it would have to be applied retroactively to benefit petitioner. This cannot be done. Therefore, petitioner's first ground for relief should be dismissed.

Petitioner's second ground for relief is that the court erred in sentencing him pursuant to the enhanced penalties of 21 U.S.C. § 851 without proper notice being filed with the court and served on him or counsel. (Docket no. 156 at 5) Petitioner claims that the information of prior conviction was not filed until after his trial in violation of the statute which requires it to be filed before trial. (Docket no. 156, attached memo. at 4)

-2-

The court record shows that the information of prior conviction, docket no. 86, was both signed and stamped "filed" on March 8, 1999. This was the day that petitioner's trial began. The confusion arises because the information was not entered on the docket until August 18, 1999. (Docket entry 86) It is obvious that the delay in docketing resulted from an oversight in the Clerk's Office. The docket entry itself notes that the information was "filed March 8, 1999." This is consistent with the Assistant United States Attorney's recollection that she filed the information just prior to jury selection and personally served petitioner's counsel with a copy of the information in open court prior to the start of jury selection on March 8, 1999. (1:05CV162, docket no. 3 at 7)

The Court therefore finds that the information of prior conviction was, in fact, filed on March 8, 1999, before the beginning of petitioner's trial. The information was served at that time also. It was only the docketing which took place August 18, 1999. The statute requires the United States attorney to "file[] an information with the court" and make service before trial. 21 U.S.C. § 851(a)(1). This has the purpose of notifying defendant so that defendant can make an informed decision about whether to go to trial or plead guilty. In this case, petitioner had ample notice of the possibility of an enhanced sentence. He turned down a plea bargain which would have eliminated the enhancement and, instead, elected to go to trial. For this reason, petitioner did not suffer any prejudice and the purpose of the

statute was satisfied.  Accordingly, the government complied with the statute, and this claim should be dismissed.

Petitioner also contends that the government failed to comply with subsection (a)(2) of section 851 which states that an information may not be filed if the increased punishment which may be imposed is in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.  (Docket no. 156, attached memo. at 5-6)  Petitioner relies upon <u>United States v. Collado</u>, 106 F.3d 1097 (2nd Cir. 1997), in which the court found the statute to be ambiguous and applied the rule of lenity to strike the enhancement.  The court found that the language was not clear whether it was the instant offense which had to be proceeded against by indictment or the prior offense.

Unfortunately for petitioner, the Second Circuit has overruled <u>Collado</u> and now agrees with the other federal circuits which hold that the language refers only to the instant offense and not the prior offense.  <u>United States v. Ortiz</u>, 143 F.3d 728 (2nd Cir. 1988).  This Court agrees that the language refers to the instant offense, which in this case was prosecuted by indictment. (Docket no. 1)  This claim must therefore also be rejected, and petitioner's second ground for relief should be dismissed.

Petitioner's final ground for relief is ineffective assistance of counsel.  (Docket no. 156 at 5)  In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense

attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

The only argument petitioner makes attacking counsel's performance is that counsel failed to object to the section 851 enhancement. (1:05CV162, docket no. 2) The Court has already rejected petitioner's arguments that the enhancement was improperly applied to him. Counsel did not perform unreasonably by failing to object based on contentions which had no merit. Petitioner also has not shown any resulting prejudice. He has therefore failed to establish ineffective assistance of counsel. See Strickland, 466 U.S. 668. This final ground for relief should be dismissed.

-5-

**IT IS THEREFORE RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 156) be **DENIED** and that Judgment be entered dismissing this action.

_____
United States Magistrate Judge

June 2, 2005